UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ORANE M. CORNISH, JR., <br> *Plaintiff*, | ) <br> ) <br> ) | NO. 3:23-CV-1553 (KAD) |
| v. | ) <br> ) | |
| TOWN OF BLOOMFIELD, ET AL., <br> *Defendants*. | ) <br> ) | SEPTEMBER 12, 2024 |

## ORDER RE: [95] AMENDED COMPLAINT

Kari A. Dooley, United States District Judge:

On June 20, 2024, *pro se* Plaintiff Orane M. Cornish, Jr., without leave of court or Defendants' consent, filed an "Amended Complaint" (hereinafter, the "Proposed SAC")[1]. ECF No. 95. The Proposed SAC names Police Officer Kelsey Marschall and Police Officer Labreck as defendants, in addition to the Town of Bloomfield, Police Chief Paul Hammick, Police Officer Zachary O'Bright, and Police Officer Downs. *See id.* For the reasons set forth herein, the Court declines to permit Plaintiff's Proposed SAC. The operative complaint in this case is the Amended Complaint docketed at ECF No. 14.

**Procedural History**

On November 28, 2023, Plaintiff commenced this action by filing a Complaint against Defendants Town of Bloomfield, Officer Marschall, Officer Lebreck, and Chief Hammick, arising from Plaintiff's arrest on September 22, 2020, and subsequent criminal prosecution. ECF No. 1. Thereafter, Magistrate Judge Robert M. Spector conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915, and on December 15, 2023, recommended that all of Plaintiff's claims be dismissed without prejudice, except for his false arrest claim against Defendant

---

[1] The Plaintiff had already been permitted to file an Amended Complaint. *See* ECF No. 14. The June 24, 2024 Amended Complaint would be a "Second Amended Complaint."

Marschall.  *See* ECF No. 12.  On December 21, 2023, consistent with Judge Spector's Recommended Ruling, Plaintiff filed an Amended Complaint.  *See* ECF No. 14.  On January 18, 2024, Judge Spector issued a Recommended Ruling as to the Amended Complaint, recommending that Plaintiff's false arrest claim be permitted to proceed as pleaded against both Defendants Marschall and LaBreck, and that Plaintiff's remaining claims be dismissed with prejudice.  ECF No. 15.  On February 8, 2024, the Court adopted Judge Spector's Recommended Ruling in its entirety, and further denied Plaintiff's related Motion to Include Post-Arraignment Liberty Restraints.  ECF No. 18.

On May 6, 2024, Defendants Marschall and Labreck filed a Motion to Dismiss the Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 58.  On May 7, 2024 and May 16, 2024, Plaintiff filed a series of purported objections to Defendants' Motion to Dismiss.  ECF Nos. 61, 64, 65.

On May 23, 2024, Plaintiff filed a motion seeking to add Sergeant Nicole Downs as a defendant in this case.  ECF No. 70.  On May 24, 2024, the Court denied Plaintiff's motion without prejudice and explicitly advised Plaintiff that he "may file a motion for leave to amend with an accompanying memorandum of law in support of his request consistent with Federal Rule of Civil Procedure 15(a)(2) as well as D. Conn. Local Rule 7(f)."  ECF No. 75.  Thereafter, on May 24, 2024 and May 27, 2024, Plaintiff submitted three separate filings: (1) a Motion for Leave to Amend Complaint and Memorandum of Law in Support Thereof (ECF No. 76); (2) a Motion for Leave to Amend Complaint to Add Officer Zachary O'Bright as a Defendant (ECF No. 77); and (3) a Motion and Memorandum to Add Charge of Hate Crime Against Police Officer Kelsey Marschall (ECF No. 78).  In response to Plaintiff's fragmented filings, on May 28, 2024, the Court denied each of Plaintiff's three motions.  *See* ECF No. 79.  The Court observed that Plaintiff's Motion for

Leave to Amend (ECF No. 76) was not accompanied by a proposed amended complaint, and further reasoned that it was "unable to assess these motions for leave to file as currently docketed, nor can Defendants reasonably be expected to assess the request without seeing the proposed amended complaint." ECF No. 79. The Court further instructed that "Plaintiff may not proceed by bringing claims against diverse defendants in piecemeal fashion," and directed Plaintiff to "file a motion for leave to file an amended complaint, raising all claims against all defendants in one fulsome filing, accompanied by the proposed amended complaint." *Id.*

On June 20, 2024, Plaintiff filed the Proposed SAC. He did not, as directed, file a motion for leave to amend or a supporting memorandum of law. *See* ECF No. 95. On August 12, 2024, Defendants Marschall and Lebreck filed an objection to Plaintiff's Proposed SAC. ECF No. 116.

**Discussion**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is within the sound discretion of the district court to grant or deny leave to amend." *WC Capital Mgmt., LLC v. UBS Sec.*, LLC, 711 F.3d 322, 334 (2d Cir. 2013) (internal quotation marks and citation omitted). Nevertheless, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *cf. Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) ("[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.").

The Court concludes that the Proposed SAC was impermissibly filed. Plaintiff has once again utterly failed to comply with the Federal Rules of Civil Procedure and the Court's explicit

instructions.  Indeed, the Court has repeatedly instructed Plaintiff regarding the requirements for filing a proper motion to amend and, as relevant here, has specifically advised Plaintiff that he must submit a memorandum of law in support of any request to amend consistent with Federal Rule of Civil Procedure 15(a)(2), as well as Local Rule 7(f).  *See* ECF Nos. 75, 79.  Nevertheless, in offering the Proposed SAC, Plaintiff failed to file either a motion for leave to amend, or a supporting memorandum of law.  *See* ECF No. 95.  Additionally, there are significant substantive concerns.  The Proposed SAC sets forth various claims against additional named defendants that have previously been dismissed from this case with prejudice.  For example, the Proposed SAC alleges various claims against Chief Hammick, who has been dismissed as a defendant with prejudice.  *See* ECF Nos. 15, 18.  Likewise, the Proposed SAC purports to allege a *Monell* claim against the Town of Bloomfield, which has similarly been dismissed with prejudice.  *Id.*  The Proposed SAC also purports to allege claims of malicious prosecution, excessive force, "liberty restraint," and failure to investigate, each of which have previously been dismissed with prejudice.  *Id.*  Thus, to permit the Proposed SAC would be to ensure duplicative and unnecessary litigation.

      The Court is aware of the special solicitude that it must afford *pro se* litigants, and as such, has given Plaintiff numerous opportunities to file a motion for leave to amend, and a proposed Amended Complaint that complies with the Federal and Local Rules, as well as the Court's instructions and prior rulings.  However, "a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Brady v. Goldman*, No. 16-CV-2287 (GBD) (SN), 2017 WL 486258, at *3 (S.D.N.Y. Jan. 10, 2017) (cleaned up) (quoting *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008)).  Whether Plaintiff is unable or unwilling to follow the Federal Rules of Civil Procedure or this Court's rulings is unclear.  But because this case has now

4

proceeded into discovery, with Plaintiff fully engaged in the discovery process, *see* ECF No. 127, the Court concludes that the only claims to be litigated are those that appear in the Amended Complaint, docketed at ECF No. 14.

For the foregoing reasons, the Court declines to accept Plaintiff's Proposed SAC.[2] *McCarthy*, 482 F.3d at 200–01. This case will proceed with the Amended Complaint (ECF No. 14) as its operative pleading, and the Court will take up Defendants' pending Motion to Dismiss (ECF No. 58)—in addition to Defendants' pending Motion to Stay (ECF No. 120)—in due course.[3]

The Clerk of the Court is directed to terminate Defendants Town of Bloomfield, Hammick, Downs, and O'Bright.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of September 2024.

      /s/ Kari A. Dooley
      KARI A. DOOLEY
      UNITED STATES DISTRICT JUDGE

---

[2] The Court further observes that even if Plaintiff had complied with the Court's instructions when filing the Proposed SAC, the attempt to bring additional claims against Officer Downs and Officer O'Bright would be futile insofar as, *inter alia*, the new allegations set forth therein would not survive a motion to dismiss pursuant to Rule 12(b)(6). *See WC Capital Mgmt., LLC*, 711 F.3d at 334.

[3] For avoidance of doubt, this case is proceeding on the Amended Complaint as narrowed by Magistrate Judge Spector's Recommended Ruling, *i.e.*, as to Plaintiff's false arrest claim against Defendants Marschall and Labreck only. *See* ECF Nos. 15, 18.