**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ORANE M. CORNISH, JR., | ) | NO. 3:23-CV-1553 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KELSEY MARSCHALL, | ) | NOVEMBER 20, 2025 |
| *Defendant*. | ) | |

<u>MEMORANDUM OF DECISION</u>
**RE:  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 198);**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 284)**

Kari A. Dooley, United States District Judge:

Plaintiff Orane M. Cornish, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §

1983 ("Section 1983") against Defendant Bloomfield Police Officer Kelsey Marschall, arising

from Plaintiff's arrest on September 22, 2020, which was allegedly not supported by probable

cause.  *See* Amended Complaint ("Am. Compl."), ECF No 14.[1]  Now pending before the Court

are Plaintiff's Motion for Summary Judgment ("Pl. MSJ," ECF No. 198), and Defendant

Marschall's Motion for Summary Judgment ("Def. MSJ", ECF No. 284).  For the reasons that

follow, Defendant Marschall's Motion for Summary Judgment is **GRANTED**, and Plaintiff's

Motion for Summary Judgment is **DENIED**.

**Facts**

The relevant facts are taken from Defendant Marschall's Local Rule 56(a)1 Statement

("Def. 56(a)1"); Plaintiff's purported Local Rule 56(a)1 Statement; and the various exhibits

---

[1]  Notwithstanding Plaintiff's repeated efforts to expand the scope of this civil action, all that remains at issue in this case is Plaintiff's false arrest claim against Defendant Marschall.

attached to both parties' motions.  All the facts set forth herein are undisputed unless otherwise indicated.[2]

On September 22, 2020, at approximately 6:10 p.m., two individuals arrived at the Bloomfield Police Department and reported that they had been victims of family violence at their home at 8 Mallard Drive in Bloomfield, Connecticut.  Def. 56(a)1 at ¶ 1.  Victim #1 ("A.L."), Plaintiff's mother, and Victim #2 ("J.L."), Plaintiff's step-brother, both reported that Plaintiff had engaged in violent and threatening behavior.  *See id.* at ¶ 2.  More specifically, J.L. reported that he heard his mother scream and that he observed Plaintiff backing her into a corner.  *Id*. at ¶ 3. A.L. stated that Plaintiff became angry after she used one of his shirts to clean a water ring from a table, and that she had become afraid of his yelling and anger.  *Id.* at ¶¶ 4–5.  Plaintiff then followed A.L. into a laundry room, screamed at her, and called her a "bitch."  *Id.* at ¶ 6.  When he attempted

---

[2] In connection with his Motion for Summary Judgment, Plaintiff sets forth what he purports to be a Local Rule 56(a)1 Statement of Material Facts.  *See* Pl. MSJ at pp. 2–5.  Yet, the purported 56(a)1 Statement largely fails to comply with Local Rule 56(a)3, which requires that each statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial.  Indeed, the vast majority of Plaintiff's purported facts are unsupported by any citation to evidence, and/or otherwise improperly amount to argument and conjecture, as opposed to a concise recitation of the material facts, supported by citations to the record evidence.  *See* D. Conn. L. Civ. R. 56(a)1.  Local Rule 56(a)3 also states that "[f]ailure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment . . ."

Moreover, in connection with Defendant Marschall's Motion for Summary Judgment, Plaintiff failed to file any Statement of Facts in Opposition thereto pursuant to Local Rule 56(a)2, which requires that the party opposing a motion for summary judgment respond to facts in the moving party's Local Rule 56(a)1 Statement by "admitting or denying the fact and/or objecting to the fact as permitted by Federal Rule of Civil Procedure 56(c)."

Collectively, the foregoing procedural shortcomings greatly "frustrate Rule 56(a)'s purpose of clarifying whether a genuine dispute of material facts exists."  *Zamichiei v. CSAA Fire & Cas. Ins. Co.*, No. 3:16-CV-739 (VAB), 2018 WL 950116, at *1 n.1 (D. Conn. Feb. 20, 2018) (quoting *Liston-Smith v. CSAA Fire & Cas. Ins. Co.*, 287 F. Supp. 3d 153, 156 n.2 (D. Conn. 2017)).  "The end result is that the Court is unable to discern from [Plaintiff's] filings precisely what evidence supports [Plaintiff's purported material facts]."  *Callahan v. City of New Haven Bd. of Educ.*, No. 3:17-CV-617 (JAM), 2019 WL 1649940, at *1 (D. Conn. Apr. 16, 2019).  The Court will not "burden [Defendant Marschall] because of [Plaintiff's] failure to comply with the Local Rules, of which [Plaintiff] had ample notice." *Tross v. Ritz Carlton Hotel Co.*, 928 F. Supp. 2d 498, 503–04 (D. Conn. 2013); *see also* Notice to Self-Represented Litigant Regarding Summary Judgment, ECF No. 285.  Accordingly, where supported by the evidence of record, the Court deems admitted all of the facts set forth in Defendant Marschall's Local Rule 56(a)1 Statement.  *See* D. Conn. L. Civ. R. 56(a)3).  Where appropriate, the Court has also considered the sworn affidavit attached to Plaintiff's Opposition to Defendant Marschall's Motion for Summary Judgment, as well as the evidence submitted with Plaintiff's own Motion for Summary Judgment.

to intervene, J.L reported that Plaintiff tried to choke him. *Id.* at ¶ 7. J.L. further explained that Plaintiff bit his left thumb, causing J.L to bleed, which Plaintiff later acknowledged himself.[3] *Id.* at ¶¶ 8, 12. Soon after, Plaintiff left the room and returned with a screwdriver, threatening to "kill" and "bust up" J.L. *Id* at ¶ 9.

While at the police station, Defendant Marschall observed a visible cut on J.L's thumb. *Id.* at ¶ 10; *see also* Affidavit of Kelsey Marschall ("Marschall Aff."), Exhibit A, at ¶ 6. Defendant Marschall then went to the residence and made contact with Plaintiff. *See* Marschall Aff. at ¶¶ 9–10. Plaintiff, though denying that he was the aggressor, confirmed that there had been an incident involving himself, J.L., and A.L., and that there was a physical altercation with J.L. *See* id. at Ex. A – Case/Incident Report, ECF No. 284-4 at 4. Based on the statements made by A.L. and J.L, J.L.'s injury, and her own interactions with Plaintiff, Defendant Marschall arrested Plaintiff and charged him with Disorderly Conduct, and Threatening in the Second Degree. *See* Def. 56(a)1 at ¶¶ 15–16; *see also* C.G.S. §§ 53a-62, 53a-182. He was not taken into custody but was given a summons. *See* Def. 56(a)1 at ¶ 18.

---

[3] In his opposition to Defendant Marschall's Motion for Summary Judgment, Plaintiff offered a sworn statement averring that, *inter alia*, he "was the only person injured" and that "A.L . . . never accused me of any threat or physical violence." Pl. Opp., Declaration of Orane M. Cornish ("Cornish Decl."), ECF No. 287-1, at ¶ 8. It is first worth noting that Plaintiff was not present when A.L. made her complaint, so the basis for this latter claim is utterly unclear. Indeed, Plaintiff acknowledged during his deposition that he did not know what either A.L. or J.L. reported to the police. And to the contrary, it is otherwise uncontradicted that A.L. did, in fact, corroborate J.L.s report of both physical violence and threatening behavior. Further, even if the issue of physical injury to Plaintiff, or to A.L. or J.L., were germane to Plaintiff's false arrest claim—which, for the most part, it is not—it is well-settled that "self-serving, conclusory affidavits, standing alone, are insufficient to create a triable issue of fact and defeat a motion for summary judgment." *Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 15 (S.D.N.Y. 2019) (citation omitted); *see also Cestaro v. Prohaska*, 681 F. Supp. 3d 121, 125 (S.D.N.Y. 2023) ("A conclusory contradiction of undisputed evidence in a self-serving affidavit, unsupported by other evidence, is not by itself sufficient to create a genuine dispute of material fact."). Finally, Plaintiff admitted that he did, in fact, bite J.L.'s thumb, so he was clearly not the "only person injured" as averred.

**Procedural History**[4]

On November 28, 2023, Plaintiff commenced this action by filing a Complaint against the Town of Bloomfield, Officer Marschall, Officer LaBreck, and Chief Hammick.  *See* ECF No. 1. The Court (Spector, J.) conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915, and thereafter, on December 21, 2023, Plaintiff filed the Amended Complaint.  *See* ECF No. 14. Following initial review of the Amended Complaint, as well as the Court's subsequent adjudication of Defendants Marschall and LaBreck's Motion to Dismiss (ECF No. 58), the only remaining claim was Plaintiff's false arrest claim against Defendant Marschall.  *See* ECF No. 157.

On March 26, 2025, in the midst of discovery, Plaintiff filed a Motion for Summary Judgment.  *See* Pl. MSJ, ECF No. 198.  Defendant Marschall filed an opposition to Plaintiff's Motion for Summary Judgment on May 16, 2025.  Def. Opp., ECF No. 262.  The following day, Plaintiff filed a response to Defendant Marschall's opposition.  Pl. Reply, ECF No. 253.  On July 25, 2025, following the close of discovery, Defendant Marschall filed a Motion for Summary Judgment.  Def. MSJ, ECF No. 284.  On July 29, 2025, Plaintiff filed an opposition to Defendant Marschall's Motion for Summary Judgment.  Pl. Opp., ECF No. 287.  Defendant Marschall filed

---

[4]  The Court assumes the parties' familiarity with the extensive and contentious procedural history in this case, and recites herein only the procedural history relevant to the Court's resolution of the parties' Motions for Summary Judgment.

a reply in further support of her Motion for Summary Judgment on August 20, 2025.[5]  *See* Def.

Reply, ECF No. 308.

**Standard of Review**

A motion for summary judgment may be granted only where there is no genuine dispute

as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(a); *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir.

2017).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could

return a verdict for the nonmoving party.'"  *Nick's Garage*, 875 F.3d at 113–14 (quoting *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Which facts are material is determined by the

substantive law.  *Anderson*, 477 U.S. at 248.  "The same standard applies whether summary

judgment is granted on the merits or on an affirmative defense . . ."  *Giordano v. Mkt. Am., Inc.*,

599 F.3d 87, 93 (2d Cir. 2010).  In considering a motion for summary judgment, a court "must

construe the facts in the light most favorable to the non-moving party and must resolve all

ambiguities and draw all reasonable inferences against the movant."  *Kee v. City of New York*, 12

F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted).

The moving party bears the initial burden of informing the court of the basis for its motion

and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of

---

[5]  Following Defendant Marschall's reply brief, consistent with his practice of presenting arguments in a piecemeal fashion, Plaintiff has filed at least three additional filings that could be construed as sur-replies or simply additional arguments not previously raised.  *See* ECF Nos. 309, 311, 312.  First, Plaintiff has been previously cautioned that litigating through a series of piecemeal submissions is inappropriate.  *See, e.g.*, ECF No. 79.  Further, pursuant to Local Rule 7(d), "[n]o sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause."  Plaintiff has failed to seek the Court's permission to file a sur-reply, much less demonstrated good cause for granting such a request.  The Court is well within its discretion to elect not to consider these submissions. *See, e.g.*, *Cunningham v. Lupis*, No. 3:21-CV-273 (SVN), 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024) (declining to consider plaintiff's unauthorized sur-replies in light of, *inter alia*, plaintiff's failure to comply with Local Rule 7(d)), *appeal dismissed*, No. 24-844, 2024 WL 5505345 (2d Cir. Nov. 8, 2024). Notwithstanding, even if properly presented, the Court's consideration of these submissions does not change the outcome here.

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth "specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). The nonmoving party cannot "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). Nor can the nonmoving party rely on "mere speculation or conjecture as to the true nature of the facts." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quotation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a reasonable juror to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented party's papers "liberally" and interpret them "to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

**Discussion**

Defendant Marschall seeks summary judgment and asserts that the undisputed facts establish: (1) that Plaintiff's arrest on September 22, 2020 was supported by probable cause; and (2) that regardless, Defendant is entitled to qualified immunity. In opposition, Plaintiff argues, *inter alia*, that Defendant Marschall acted on mere assumption and speculation, and therefore

lacked probable cause to arrest Plaintiff.[6]  The Court agrees with Defendant Marschall, and concludes that Plaintiff's false arrest claim fails as a matter of law.

Probable Cause

"The Fourth Amendment protects [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. Because arrests are 'seizures' of 'persons,' they must be reasonable under the circumstances." *D.C. v. Wesby*, 583 U.S. 48, 56 (2018) (internal quotation marks omitted). "In analyzing [Section] 1983 claims for unconstitutional false arrest, [the Second Circuit has] generally looked to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). In Connecticut, "to prevail on a claim of false arrest, the plaintiff must establish that the arrest was made without probable cause." *Campbell v. Porter*, 212 Conn. App. 377, 390 (2022). "Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." *Id.* (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)). The burden of proving a lack of probable cause falls on the plaintiff. *See Beinhorn v. Saraceno*, 582 A.2d 208, 491 (Conn. App. 1990).

"Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera*, 361 F.3d at 743. "When determining whether probable cause exists courts must consider those facts available to the officer at the time of arrest and immediately before it."

---

[6]  In his opposition to Defendant Marschall's Motion for Summary Judgment, Plaintiff also asserts that Defendant Marschall: (a) fabricated J.L's voluntary statement, *see* Pl. Opp. at 1; (b) ignored "known threat history" by J.L. towards Plaintiff, *id.* at 5–6; (c) made "false assumptions" and "mischaracterized evidence," *id.* at 6–7; and (d) tampered with video evidence, *id.* at 12. These allegations are each either wholly unsupported by the record and/or immaterial to the issue of probable cause.

*Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996)) (internal quotation marks omitted). The standard of probable cause does not require a prima facie showing of criminal activity, but rather, a *probability* of criminal activity. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Courts should look to the totality of the circumstances and must be aware that probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts . . ." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Caldarola*, 298 F.3d at 162) (internal quotation marks omitted).

<u>Plaintiff's Arrest</u>

The undisputed facts in this case clearly demonstrate the existence of probable cause for Defendant Marschall to arrest Plaintiff on September 22, 2020 for Disorderly Conduct and/or Threatening in the Second Degree. As relevant here, under Connecticut law, "[a] person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise . . ." Conn. Gen. Stat. § 53a-182. A person is guilty of Threatening in the Second Degree "when: (1) By physical threat, such person intentionally places or attempts to place another person in fear of imminent serious physical injury, (2) (A) such person threatens to commit any crime of violence with the intent to terrorize another person, or (B) such person threatens to commit such crime of violence in reckless disregard of the risk of causing such terror . . ." Conn. Gen. Stat. § 53a-62.

On September 22, 2020, prior to Plaintiff's arrest, A.L. and J.L traveled to the Bloomfield Police Department to make a complaint against Plaintiff. They gave statements to Defendant

Marschall, asserting that Plaintiff had, *inter alia*: (a) acted in a threatening and aggressive manner towards A.L. and J.L.; (b) bitten J.L. during a physical altercation; (c) attempted to choke J.L.; (d) repeatedly threatened to kill J.L.; and (e) wielded a screwdriver while making these threats against J.L.  Def. 56(a)1 at ¶¶ 2–9.  J.L. also reported that during the incident, he heard A.L. scream and thereafter observed Plaintiff backing her into a corner.  *See id.* at ¶ 3.  A.L. corroborated J.L.'s statement that Plaintiff grabbed J.L. by the neck; threatened J.L.; and grabbed a screwdriver.  *See* Marschall Aff., Ex. 1 – Case/Incident Report at 3.  And Defendant Marschall observed an injury to J.L.'s thumb, consistent with his statement that Plaintiff bit him.  Def. 56(a)1 at ¶¶ 10, 15 (citing Marschall Aff. at ¶¶ 6, 11).  These statements, consistent with and corroborative of each other, alone provided Officer Marshall with probable cause to arrest Plaintiff.  Indeed, "statements of a victim or an eye-witness to an alleged crime constitute probable cause unless there are reasons to doubt the veracity of such sources."  *Johnson v. Fallon*, No. 3:07-CV-605 (SRU), 2009 WL 513733, at *4 (D. Conn. Feb. 10, 2009) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)); *see also Virgil v. Town of Gates*, 455 Fed. App'x. 36, 38 (2d Cir. 2012) ("A victim's identification of an assailant is, by itself, sufficient probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.") (internal quotation marks omitted).  And here, the undisputed facts do nothing to undermine the probable cause created by A.L. and J.L.'s statements, and reinforced by J.L.'s observable injury.[7]  Although Defendant

---

[7] In the Amended Complaint, Plaintiff alleges that in a prior 911 call, A.L. informed Defendant Marschall that Plaintiff "helped take care of her and had not behaved aggressively toward her despite her [earlier] 911 call to the contrary." *See* Am. Compl. at ¶ 14.  At the pleadings stage, this allegation—which, though unclear, the Court liberally construed as relating to a 911 call occurring earlier on September 22, 2020, as opposed to in April 2020, *see* ECF No. 157 at 3 n.3—was sufficient to salvage Plaintiff's false arrest claim, because it suggested that Defendant Marschall might have a legitimate reason to doubt A.L.'s subsequent statements as to Plaintiff's behavior on September 22, 2020.  However, the record evidence and the Local Rule 56(a)(1) Statements (by both parties) are bereft of any reference to this allegation.  As such, the allegation alone does not create a genuine issue of material fact as to whether Defendant Marschall had cause to doubt the veracity of A.L.'s statements on September 22, 2020, nor does it overcome Defendant Marschall's properly supported Motion for Summary Judgment.  *See Weinstock*, 224 F.3d at 41.

Marschall was not required "to continue investigating, sifting and weighing information" once probable cause had been established, she nonetheless went to the residence to speak with Plaintiff. Although Plaintiff offered a different version of the events from that evening, he confirmed an altercation involving himself, J.L., and A.L., and he admitted that he bit J.L. during a struggle.[8] Def. 56(a)1 at ¶¶ 8, 12. The Court has little trouble concluding that the information available to Defendant Marschall, in totality, was well more than sufficient to "warrant a person of reasonable caution in the belief" that Plaintiff had committed the crimes with which he was charged. *See Escalera*, 361 F.3d at 743.

Plaintiff asserts that he "did not commit any crime or engage in conduct that would justify an arrest," and otherwise accuses Defendant Marschall of fabricating evidence. *See* Pl. MSJ at 2 ¶ 3; Pl. Opp., Cornish Decl., ECF No. 287-1 at ¶ 3. But these conclusory assertions, absent any support from the admissible record evidence, are insufficient to establish a genuine dispute of material fact regarding the existence of probable cause. *See Weinstock*, 224 F.3d at 41. And Plaintiff's repeated attempts to dispute whether and/or how the reported assault actually occurred, and whether or not J.L. was the aggressor, likewise miss the mark.

When determining the existence of probable cause, the Court must consider only "those facts *available to the officer at the time of arrest and immediately before it*." *Caldarola*, 298 F.3d at 162 (emphasis added); *see Mathis v. Marshall*, No. 08-CV-3991 (FM), 2012 WL 388539, at *28 (S.D.N.Y. Jan. 30, 2012) ("The probable cause determination must be made by looking at what the officer knew at the time of the arrest and whether the officer was reasonable in relying on that knowledge.") (internal quotation marks omitted). In this regard, the precise circumstances of the

---

[8] Although she had already made the decision to arrest Plaintiff, it is worth noting that Defendant Marschall also observed a screwdriver as well as "red stains consistent with blood" near the laundry room, the purported location of the altercation. *See* Def. 56(a)1 at ¶ 11.

underlying altercation between Plaintiff and J.L.—which were unknown to Defendant Marschall, having occurred prior to her involvement and outside of her presence—are immaterial to Plaintiff's false arrest claim.

The Court offers no opinion as to whether Plaintiff was, indeed, the aggressor on September 22, 2020. The Court further acknowledges the documentation attached to Plaintiff's Motion for Summary Judgment, which demonstrates that prior to September 22, 2020, Plaintiff had expressed his concerns regarding J.L. to the Bloomfield Police Department. *See* Pl. MSJ, Exhibit 3, ECF No. 198-3. But the clearly fraught nature of Plaintiff's relationship with J.L., even if known to Defendant Marschall prior to Plaintiff's arrest, does not overcome Defendant Marschall's reasonable reliance on J.L. *and A.L.'s* statements, Plaintiff's acknowledgement that an altercation had occurred, along with the injury she observed to J.L.'s thumb, as establishing probable cause. *Cf. Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 134 (E.D.N.Y. 1998) (officer lacked probable cause to arrest the plaintiff-husband where the risk of a false accusation by the victim-spouse was apparent, and the officer's subsequent investigation did not support the victim-spouse's accusations). Moreover, it is well-settled that probable cause is not vitiated because the arresting officer did not investigate the arrestee's claim of innocence. *See Panetta*, 460 F.3d at 395–96. Indeed, the function of law enforcement officers "is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989).

For all of these reasons, drawing all reasonable inferences in Plaintiff's favor, the Court concludes that no reasonable trier of fact could find that Defendant Marschall lacked probable cause to arrest Plaintiff on September 22, 2020, for Disorderly Conduct and/or Threatening in the

Second Degree.  Accordingly, Defendant Marschall is entitled to summary judgment on Plaintiff's

false arrest claim.[9]

**Conclusion**

For the reasons set forth herein, Defendant Marschall's Motion for Summary Judgment is

**GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.  The Clerk of Court is

directed to enter judgment in favor of Defendant Kelsey Marschall, and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of November 2025.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[9]  Insofar as the Court concludes as a matter of law that Defendant Marschall possessed probable cause to arrest Plaintiff on September 22, 2020, it need not address Defendant Marschall's alternative argument as to qualified immunity.  *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) ("Probable cause is a complete defense to a constitutional claim of false arrest."); *see, e.g.*, *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (declining to consider the issue of qualified immunity, after concluding that the plaintiff was not falsely arrested).