UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ORANE M. CORNISH, JR., <br> *Plaintiff*, | ) <br> ) <br> ) | NO. 3:23-CV-1553 (KAD) |
| v. | ) <br> ) | |
| KELSEY MARSCHALL, <br> *Defendant*. | ) <br> ) | NOVEMBER 20, 2025 |

MEMORANDUM OF DECISION
RE: [206] DEFENDANT'S MOTION FOR SANCTIONS

Kari A. Dooley, United States District Judge:

Before the Court is Defendant Bloomfield Police Officer Kelsey Marschall's Motion for Sanctions against *pro se* Plaintiff Orane M. Cornish, arising out of Plaintiff's failure to attend his Court-ordered and duly noticed deposition on March 18, 2025. *See* Defendant's Motion for Sanctions ("Def. Mot."), ECF No. 206. Defendant seeks the following sanctions against Plaintiff: (1) a default judgment against Plaintiff and dismissal of the case with prejudice; (2) legal fees incurred in briefing and arguing the instant motion; and (3) costs incurred by Defendant Marschall as a result of Plaintiff's failure to appear at his deposition. For the reasons that follow, Defendant's Motion for Sanctions is **GRANTED in part**.

**Background**

The Court assumes the parties' familiarity with the facts and circumstances underlying this civil action, as well as its protracted and contentious procedural history, and recites herein only the factual and procedural background relevant to the instant Motion for Sanctions.

As narrowed by Magistrate Judge Robert M. Spector's initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915, ECF No. 15, as well as the Court's subsequent decision granting in part Defendants' Motion to Dismiss, ECF No. 157, this case proceeded on a single

claim, a false arrest claim against Defendant Marschall.  More specifically, Plaintiff alleges that he was arrested by Defendant Marschall without probable cause on September 22, 2020 after his mother and step-brother, A.L. and J.L., made a police report following an incident at their home at 8 Mallard Drive in Bloomfield, Connecticut.

On February 24, 2025, Defendant filed a Motion to Take the Depositions of Plaintiff, A.L., and J.L.  See ECF No. 178.  On March 4, 2025, Judge Spector convened a hearing regarding Defendant's Motion to Take Depositions.  See ECF No. 180.  At the hearing, Judge Spector "discussed the deposition process and possible solutions that might be agreeable to both parties," and thereafter, <u>by agreement of the parties</u>, the Court ordered the depositions of Plaintiff and J.L. to take place virtually on March 18, 2025 and March 19, 2025, respectively.  See ECF No. 183.  Judge Spector further ordered that the deposition of A.L. could take place at an unspecified later date, if Defendant concluded that it was necessary.[1]  See id.  In accordance with Judge Spector's order, Plaintiff's deposition was properly noticed for March 18, 2025.  See Def. Mot., Ex. A.  Nevertheless, on March 18, 2025, Plaintiff failed to appear for his Court-ordered deposition—both initially, and again after requesting that the deposition be delayed by one hour.  See Def. Mot., Ex. B.

On April 9, 2025, Defendant filed the instant Motion seeking sanctions against Plaintiff for his intentional failure to appear at his Court-ordered deposition.[2]

---

[1]  Subsequently, Defendant sought—and was granted—permission from Judge Spector to conduct A.L.'s deposition. See ECF Nos. 202, 213.  Following A.L.'s deposition, Plaintiff filed a Motion or Sanctions regarding, inter alia, purported "improper deposition conduct" on the part of defense counsel at A.L.'s deposition.  ECF No. 217.  That motion was denied.  See ECF No. 243.

[2]  On April 11, 2025, at another hearing before Judge Spector, the parties agreed that Plaintiff's deposition would go forward on May 2, 2025.  See ECF No. 213.  The Court understands that Plaintiff's deposition did, in fact, go forward on that date.

**Discussion**

Preliminarily, the Court observes that Plaintiff has not filed any specific or express objection to Defendant's Motion for Sanctions. Nor has he provided an explanation for his failure to attend the deposition.[3] Absent same, and under the circumstances presented, sanctions are warranted.

"Federal Rule of Civil Procedure 37(d) authorizes sanctions whenever 'a party . . . fails, after being served with proper notice, to appear for that person's deposition.'" *In re Bear Stearns Companies, Inc. Securities, Derivative, & Erisa Litig.*, 308 F.R.D. 113, 119 (S.D.N.Y. 2015) (quoting Fed. R. Civ. P. 37(d)). Further, "[i]it is well-established . . . that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *Flores v. Entergy Nuclear Operations, Inc.*, 313 F. Supp. 3d 511, 521 (S.D.N.Y. 2018) (quoting *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014)). Instead, once it is confirmed that a party missed a properly noticed deposition, "[t]he burden of proof is on the nonmovant to show 'that his failure is justified or that special circumstances make an award of expenses unjust.'" *See id.* (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)). "[C]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *John Wiley & Sons, Inc.*, 298 F.R.D. at 148 (quotations and citations omitted).

Here, there is no disagreement as to what occurred. On March 5, 2025, Defendant duly noticed Plaintiff's deposition for March 18, 2025 following the conference with Judge Spector. *See* Def. Mot., Ex. A. Even though Plaintiff had agreed to be deposed on March 18, 2025, he filed an objection to Judge Spector's order that the deposition go forward on that date. *See* ECF Nos.

---

[3] Nevertheless, the Court observes that since the instant motion was filed on April 9, 2025, Plaintiff has submitted dozens of different, unrelated filings.

3

185, 186.  On the morning of the deposition, March 18, 2025, Plaintiff sent an email to defense counsel seeking to delay the deposition by one hour.  *See* Def. Mot. at Ex. B.  Yet, despite defense counsel's accommodation of Plaintiff's request to delay the deposition by one hour, as well as Plaintiff's confirmation that he would be prepared to start the deposition one hour after its scheduled start-time, Plaintiff failed to attend.  *See id.*  Accordingly, the deposition was duly noticed, and Plaintiff had actual knowledge as to the date and time of his scheduled deposition.

As Plaintiff has not meaningfully responded to the instant motion, he has not met his burden of demonstrating that his failure to attend the deposition on March 18, 2025 was justified or excusable.  The Court further observes that Plaintiff's failure to respond to the instant motion is a particularly glaring omission given the extensive volume of filings by Plaintiff in this case.  In light of the foregoing, the Court draws the reasonable inference that Plaintiff's failure to attend his deposition on March 18, 2025 was a deliberate attempt to thwart the discovery process, specifically the taking of his testimony.  Accordingly, the Court finds that sanctions are appropriate, and indeed, under the circumstances, required.

<u>Sanctions</u>

Having concluded that sanctions against Plaintiff are warranted, the Court must next determine the appropriate sanctions to be imposed.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that when a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  Such orders, available where a party is sanctionable under Rule 37(d), *see* Rule 37(d)(3), may include, but are not limited to, the following: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "striking pleadings in whole or in

4

part"; or "rendering a default judgment against the disobedient party[.]" *Id*. Additionally, the Court has "wide discretion in imposing sanctions under Rule 37[.]" *S.E. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks omitted; citation omitted). When contemplating the appropriate sanctions to be imposed, district courts likewise consider several factors, including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *See S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013) (quotations and citations omitted). The Court is also mindful that Rule 37 sanctions are appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (citation omitted).

Here, as already discussed, Plaintiff's failure to attend his Court-ordered duly noticed deposition on March 18, 2025 was neither justified nor excusable.[4] Accordingly, reasonable expenses and attorneys' fees must be paid unless other circumstances make the award unjust. *See* Fed. R. Civ. P. 37(d)(3); *see also John Wiley & Sons, Inc.*, 298 F.R.D. at 151 (applying the mandatory provision of Rule 37(b)(2)(C)). And based on the foregoing, the Court discerns no reason why an award of monetary sanctions here would be unjust.[5]

**Conclusion**

For all of the reasons set forth herein, Defendant Marschall's Motion for Sanctions is **GRANTED in part**. Defendant Marschall is entitled to recover from Plaintiff the expenses and costs incurred in connection with Plaintiff's failure to attend his deposition on March 18, 2025. The Court observes however, that contemporaneously with this decision, it has issued a

---

[4] The Court also notes that Plaintiff's failure to attend his Court-ordered deposition is consistent with a concerning pattern—or possible litigation strategy—that emerged in this case, whereby: (1) the Court would enter a ruling adverse to Plaintiff (sometimes with the Plaintiff's consent); (2) Plaintiff would fail to comply with the Court's instructions (if any) or otherwise refuse to accept the Court's decision; and (3) would instead submits a series of unsupported, sometimes vitriolic filings seeking, *inter alia*, recusal of the undersigned (and/or Judge Spector), reconsideration of the underlying Court order, and/or further relief regarding issues already decided in this case (*e.g.*, amended pleadings, assertions of judicial bias, appointment of counsel, sanctions against defense counsel, reinstatement of previously-dismissed defendants, etc.). Those filings invariably led to further adverse rulings, and in turn, additional objections, etc. By way of example only, on July 30, 2024, after granting Defendant's request for additional time to respond to Plaintiff's discovery motions, the Court denied Plaintiff's ensuing "Motion to Address Pattern of Unusual Judgment and Court Prejudice," as well as his Motion for Reconsideration of the Court's separate order denying Plaintiff's Motion to Appoint Counsel. *See* ECF No. 112. In response, Plaintiff filed another "Motion to Address Pattern of Bias and Unfair Advantage in Case Proceedings," and further sought to vacate the Court's prior order granting Defendants' Motion for Extension of Time. ECF Nos. 113, 114. Likewise, on September 12, 2024, the Court entered an order declining to accept Plaintiff's proposed Second Amended Complaint. ECF No. 128. That same day, Plaintiff filed an objection to the Court's decision and a Motion for Reconsideration. ECF No. 129. On November 6, 2024, the Court entered an order granting in part and denying in part Defendants' Motion to Dismiss. ECF No. 157. Again, over the next two days, Plaintiff filed four motions seeking: (1) the recusal of, and investigation into, the undersigned for purported misconduct; (2) vacatur and/or independent review of the Court's prior orders; and/or (3) broadly speaking, reconsideration of the Court's decision. In sum, this pattern of behavior suggests that Plaintiff's failure to attend his Court-ordered deposition was not only unjustified and inexcusable, but willful. *See Razmilovic*, 738 F.3d at 25.

[5] Though the instant motion seeks dismissal of this case with prejudice, such a "drastic remedy" is not warranted here. *See S.E. New England Tel. Co.*, 624 F.3d at 144. Likewise, considering Plaintiff's representations regarding his financial circumstances, to include the information provided by Plaintiff in his application to proceed *in forma pauperis*, *see* ECF No. 2, the Court will not require Plaintiff to pay the fees/costs incurred by Defendant in briefing and filing the instant motion.

Memorandum of Decision granting Defendant Marschall's Motion for Summary Judgment, and resolving this case in its entirety, in favor of Defendant Marschall, and directing that this case be closed. *See* ECF No. 314. If, notwithstanding, Defendant Marshall intends to pursue the monetary sanctions awarded herein, on or before **December 1, 2025**, she shall file an affidavit establishing the expenses and/or fees associated with Plaintiff's missed deposition. Plaintiff will, of course, have an opportunity to challenge the amount of the sanction sought.

    **SO ORDERED** at Bridgeport, Connecticut, this 20th day of November 2025.

                                 */s/ Kari A. Dooley*
                                 KARI A. DOOLEY
                                 UNITED STATES DISTRICT JUDGE